UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>             Plaintiff,<br><br>      v.<br><br>J. FRANCO, et al.,<br><br>             Defendants. | No.  2:16-cv-2107 JAM CKD P<br><br><br>ORDER |

I. Introduction

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

////

////

III. Discussion

Plaintiff names nine defendants at Folsom State Prison in a 31-page complaint. His allegations concern events between November 2015 and July 2016, including allegations that defendants deprived him of sleep and the right to exercise in violation of the Eighth Amendment, denied him due process in a disciplinary hearing, and retaliated against him for filing grievances in violation of the First Amendment. (ECF No. 1.)

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, the complaint does not meet the Rule 8 pleading requirements.

Also, the complaint attempts to bring numerous unrelated claims in a single action. Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

Finally, plaintiff does not indicate on the court's form for prisoner civil rights actions whether he has exhausted administrative remedies as to any of his claims. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a

prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.")  Unexhausted claims are subject to dismissal.

For these reasons, the complaint will be dismissed.  However, plaintiff will have the opportunity to file an amended complaint.

IV.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

1 | Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
2 | assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
3 | two copies of the amended complaint; failure to file an amended complaint in accordance with
4 | this order will result in dismissal of this action.

Dated: October 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rame2107.14.new