UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | No. 2:16-cv-2107 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. FRANCO, et al., | |
| Defendants. | |

I. Introduction

On December 5, 2016, the undersigned issued findings and a recommendation that this action be dismissed due to plaintiff's failure to file an amended complaint per the October 20, 2016 screening order. (ECF No. 13.) On December 14, 2016, plaintiff filed objections which seem to indicate that he did not receive the October 20, 2016 screening order. (ECF No. 14.) Good cause appearing, the court will vacate the recommendation of dismissal, re-serve the October 20, 2016 order on plaintiff, and grant additional time to amend.

II. Legal Standards

As discussed in the screening order, plaintiff's complaint was dismissed for failure to meet Rule 8 pleading requirements, bringing numerous unrelated claims in a single action, and failure to indicate whether administrative remedies had been exhausted as to any claims. (ECF No. 3.)

1

In his objections, plaintiff requests information about the legal standards for his purported claims, including violation of the Eighth Amendment, denial of due process in a disciplinary hearing, and unlawful retaliation. These standards are set forth below.

A. <u>Eighth Amendment</u>

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1991) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). "'[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" <u>Id.</u> at 833. "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'  For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." <u>Id.</u> The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.

"[T]he Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment." <u>Jayne v. Bosenko</u>, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (citation omitted). Indeed, complete denial of outdoor exercise for a month is not unconstitutional. <u>Hayward v. Procunier</u>, 629 F.2d 599, 603 (9th Cir. 1980) (denial of yard time for a month not unconstitutional); <u>May v. Baldwin</u>, 109 F.3d 557, 565–66 (9th Cir. 1997) (denial of yard time for 21 days not unconstitutional). However, in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1132-33 (9th Cir. 2000), the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. For a temporary denial of exercise to be actionable, plaintiff must demonstrate an adverse medical impact. <u>Id.</u>, 203 F.3d at 1133 n. 15.

2

B. First Amendment

To establish a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). When adverse acts cause only de minimis harm, they are insufficient to support a § 1983 claim for retaliation. See Rhodes, 408 F.3d at 567, n.11 ("If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect.") (emphasis added).

C. Due Process / Heck Bar

An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Actions challenging a prison disciplinary conviction under § 1983 are generally barred under Heck v. Humphrey, 512 U.S. 477 (1997), unless the challenged conviction has been invalidated. In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is

barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).  Prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 5, 2016 findings and recommendations are vacated;
2. The Clerk of Court is directed to re-serve the October 20, 2016 order on plaintiff; and
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint per the October 20, 2016 order.  Failure to timely file an amended complaint will result in dismissal of this action.

Dated:  December 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rame2107.vac