| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>          Plaintiff,<br><br>    v.<br><br>J. FRANCO, et al.,<br><br>          Defendants. | No. 2:16-cv-2107 JAM CKD P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By findings and recommendations filed March 1, 2017, the undersigned found that plaintiff's first amended complaint failed to cure the defects in the original complaint and that further leave to amend would be futile and recommended dismissal of this action with prejudice. (ECF No. 17.) Plaintiff has timely filed objections to the findings and recommendations (ECF No. 21) along with a second amended complaint (ECF No. 20). Because the allegations in the second amended complaint are sufficient to state a claim against one of the defendants, the March 1, 2017 findings and recommendations will be withdrawn and the undersigned will screen the second amended complaint.

    I.    <u>Second Amended Complaint</u>

Plaintiff alleges that defendants Anderson, Franco, Caplin, Leckie, Shultz, Peterson, Bagler, and Cohayal violated his rights under the First, Eighth, and Fourteenth Amendments.

1

(ECF No. 20.) Specifically, he alleges that defendant Anderson violated his Eighth Amendment rights[1] by constantly banging on the prison bars and shining a flashlight in his face between 10:30 p.m. and 4:00 a.m., five days a week, for a period of six months in order to deprive him of sleep. (Id. at 5, 10-11.) He further alleges that after he complained about Anderson's conduct, which led to Anderson being disciplined, Anderson voiced his displeasure with plaintiff and retaliated against him by displaying increased aggression and continuing his behavior. (Id. at 5.) As a result of the prolonged sleep deprivation, plaintiff was rushed to the hospital "for chest pains, stress heart related mental or physical injury." (Id. at 11.)

Plaintiff further alleges that defendant Franco violated his Eighth and Fourteenth Amendment rights when he filed a false disciplinary report against plaintiff that resulted in the loss of thirty days of exercise rights. (Id. at 20.) Defendant Leckie then violated his Eighth and Fourteenth Amendment rights by denying him a fair disciplinary hearing and imposing a thirty-day loss of exercise rights when the maximum allowed by policy is ten days. (Id. at 13-14.) Defendant Caplin allegedly violated his rights under the First, Eighth, and Fourteenth Amendments by destroying and refusing to respond to an informal complaint related to the false disciplinary report and by making false statements about plaintiff. (Id. at 8, 14-15.) During a re-hearing on the disciplinary charge, defendant Shultz violated plaintiff's Eighth and Fourteenth Amendment rights by placing him "twice in jeopardy for a single act and aggravating the adverse punishment for successful appeal." (Id. at 16.) It appears that he may also be attempting to make retaliation claims against defendants Leckie and Shultz related to their conduct during the disciplinary hearings. (Id. at 14, 17.)

Finally, defendants Peterson, Bagler, and Cohayal allegedly refused to process plaintiff's grievances related to the other defendants' actions. (Id. at 3, 6, 9.)

/////

---

[1] Plaintiff also asserts that his right to be free from cruel and unusual punishment under the Fourteenth Amendment was violated. However, plaintiff's incarceration by the California Department of Corrections indicates that he has been convicted of a crime and is not a pretrial detainee. Accordingly, the alleged violations are analyzed under the Eighth Amendment, not the Fourteenth Amendment. Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977).

II. <u>Claims for Which a Response Will Be Required</u>

    A. <u>Sleep Deprivation</u>

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." <u>Id.</u> at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." <u>Id.</u> (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. <u>Id.</u> at 847.

"'[P]ublic conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise.'" <u>Keenan v. Hall</u>, 83 F.3d 1083, 1090 (9th Cir. 1996) (alteration in original) (quoting <u>Toussaint v. McCarthy</u>, 597 F. Supp. 1388, 1397, 1410 (N.D. Cal. 1984), <u>aff'd in part, rev'd in part on other grounds</u>, 801 F.2d 1080, 1110 (9th Cir.1986)). Conditions which cause prolonged sleep deprivation may violate an inmate's rights under the Eighth Amendment. <u>Id.</u> at 1090-91 (six months of constant illumination in cell that led to "'grave sleeping problems' and other mental and psychological problems" sufficient to state claim under Eighth Amendment).

Plaintiff's allegation that defendant Anderson deliberately banged on the prison bars and repeatedly shined a flashlight in his face between 10:30 p.m. and 4:00 a.m., five days a week, for a period of six months in order to deprive him of sleep is sufficient to state a claim for a violation of plaintiff's Eighth Amendment rights and defendant Anderson will be required to respond to this claim.

B. Retaliatory Harassment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's allegation that Anderson voiced his displeasure with plaintiff and became more aggressive in his harassment of plaintiff after he was disciplined because of plaintiff's complaints is sufficient to state a claim for retaliation and Anderson will also be required to respond to this claim.

III. Failure to State a Claim

A. False Disciplinary Report

Prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided."); Cauthen v. Rivera, No. 1:12-cv-01747 LJO DLB PC, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) ("The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." (citing Uribe v. Taylor, No. 2:10-cv-02615

4

DAD P, 2012 WL 4953176, at *7, 2012 U.S. Dist. LEXIS 148229, at *20-22 (E.D. Cal. Oct. 12, 2012)); Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff."); Lopez v. Celaya, No. C 06-5071 TEH (PR), 2008 WL 205256, at *5, 2008 U.S. Dist. LEXIS 8898, at *12 (N.D. Cal. Jan. 23, 2008) ("A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Accordingly, plaintiff's allegations that defendant Franco filed a false rules violation report against him, resulting in a loss of exercise rights for a period of thirty days, and that defendant Caplin made false statements about him fail to state a claim and should be dismissed.

B. Disciplinary Hearings

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In this case, plaintiff does not allege the loss of any good time credits and the Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19. Therefore, in order to demonstrate that he is entitled to the due process outlined in Wolff, plaintiff must show that the disciplinary caused a

change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995). In determining if the deprivation imposes an atypical and significant hardship, the court considers:

> "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence."

Brown v. Or. Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)).

The only punishment plaintiff alleges he suffered was a thirty-day loss of the right to exercise.[2] "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485. In this case, the denial of exercise was for a temporary, defined period of time and does not appear to have affected plaintiff's sentence. Moreover, with respect to his claims that the denial of exercise violated his Eighth Amendment rights, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (twenty-one day denial of outdoor exercise does not violate Eighth Amendment); but see Allen v. Sakai, 48 F.3d 1082, 1084 & n.5 (9th Cir. 1994) (plaintiff met objective prong of Eighth Amendment test when he alleged he was only permitted one day of outdoor exercise per week for six weeks). However, even if the court found that plaintiff's claims were sufficient to support an allegation that he had suffered an atypical and substantial hardship or an objectively serious deprivation or that he could cure any defects through amendment, as addressed below, these claims are not properly joined to his claims against defendant Anderson and should be dismissed. Similarly, to the extent plaintiff may be attempting to allege that Leckie retaliated against him by threatening to impose harsher penalties and that Shultz retaliated by finding him guilty at the re-hearing, these claims are also improperly joined.

---

[2] The court assumes that plaintiff means the right to outdoor exercise.

6

Accordingly, the claims that defendants Leckie and Shultz violated plaintiff's First, Eighth, and Fourteenth Amendment rights should be dismissed.

### C. Grievances

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez, 334 F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id. Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. The Seventh Circuit has observed that

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted).

Accordingly, plaintiff's allegations that his Fourteenth Amendment due process rights were violated when defendants Peterson, Bagler, Cohayal, and Caplin destroyed or refused to accept his complaints are insufficient to state a claim for relief and should be dismissed for failure to state a claim.

To the extent plaintiff also appears to be attempting to make First Amendment claims for denial of access to the courts and retaliation based on the destruction of and refusal to accept his complaints, he also fails to state a claim for relief. While "[t]he right of meaningful access to the courts extends to established prison grievance procedures," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (citations omitted), overruled on other grounds, Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001), in order to have standing to bring an access to the courts claim, plaintiff must allege he suffered an actual injury, Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Plaintiff's allegations are insufficient to demonstrate an actual injury, and, at this stage, given his ability to

bring the instant action on the underlying claims, it appears unlikely that he would be able to successfully amend the complaint to cure this defect. As for his possible retaliation claims, plaintiff has not alleged sufficient facts to show that defendants' actions were taken "because of" his protected conduct, that the adverse actions were more than de minimus, or that defendants' conduct would deter a prisoner of "ordinary firmness" from pursuing First Amendment activities. See Rhodes, 408 F.3d at 567-69 (footnote and citations omitted) (setting forth elements of retaliation claim and holding that conduct need only deter a person of "ordinary firmness"); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm must be "more than minimal" (quoting Rhodes, 408 F.3d at 568, n.11)).

IV. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

As set forth above, plaintiff's allegations against defendants Franco, Leckie, Shultz, Caplin, Peterson, Bagler, and Cohayal fail to state claims for relief. However, even if plaintiff could fix the defects in his complaint with respect to the sufficiency of his allegations, joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In other words, joining multiple defendants in one complaint is only proper when the action is based on the same facts. The claims against defendants Franco, Leckie, Shultz, Caplin, Peterson,

Bagler, and Cohayal do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against defendant Anderson and therefore these defendants are not properly joined.

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015). Plaintiff's allegations against defendants Franco, Leckie, Shultz, Caplin, Peterson, Bagler, and Cohayal fail to state cognizable claims, some of which appear unlikely to be correctable by amendment. Moreover, the statute of limitations for bringing a claim under § 1983 in California is two years and this period is tolled during the time a prisoner pursues his administrative remedies, and is potentially tolled up to an additional two years if plaintiff is incarcerated for a term of less than life. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a). Since plaintiff alleges that the violations by these defendants took place throughout 2016 (ECF No. 20 at 12-17), even if he is not entitled to any tolling, it is still possible for him to bring a separate, timely action on these claims should he be able to allege additional facts to make them cognizable.

Since plaintiff cannot cure the defect of misjoinder and the court finds he would not be prejudiced by dismissal, the claims against defendants Franco, Leckie, Shultz, Caplin, Peterson, Bagler, and Cohayal should be dismissed without leave to amend.

V.  Plain Language Summary of this Order for Pro Se Litigant

The second amended complaint states claims against defendant Anderson and you will be provided with service documents to complete and return to the court for this defendant. Once the completed service documents are returned to the court, the United States Marshal will be directed

to serve defendant Anderson.

The second amended complaint does not state claims against defendants Franco, Leckie, Shultz, Caplin, Peterson, Bagler, and Cohayal and these defendants should be dismissed. You are not being given a chance to amend these claims because even if you could give the court more facts, the claims against these defendants are not related to your claims against defendant Anderson and cannot be brought in the same case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 1, 2017 findings and recommendations (ECF No. 17) are withdrawn.

2. Service is appropriate for defendant Anderson.

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the second amended complaint filed April 24, 2017 (ECF No. 20).

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Anderson; and

    d. Two copies of the endorsed complaint filed April 24, 2017.

5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that the claims against defendants Franco, Leckie, Shultz, Caplin, Peterson, Bagler, and Cohayal be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

/////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

rame2107.1amd.f&r

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>        Plaintiff,<br><br>   v.<br><br>J. FRANCO, et al.,<br><br>        Defendants. | No. 2:16-cv-2107 JAM CKD P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

       \_\_\_\_\_1\_\_\_\_\_    completed summons form

       \_\_\_\_\_1\_\_\_\_\_    completed forms USM-285

       \_\_\_\_\_2\_\_\_\_\_    copies of the complaint

DATED:

 

_____
Plaintiff

1