UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>        Plaintiff,<br><br>    v.<br><br>J. FRANCO, et al.,<br><br>        Defendants. | No. 2:16-cv-2107 JAM CKD P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion to revoke plaintiff's in forma pauperis (IFP) status. (ECF No. 28.)

I.    <u>Procedural History</u>

By order filed October 20, 2016, the undersigned granted plaintiff's request to proceed IFP and dismissed the original complaint with leave to amend. (ECF No. 10.) Plaintiff proceeded to file a first amended complaint (ECF No. 16), which the undersigned recommended be dismissed without leave to amend (ECF No. 17). In response to the findings and recommendations, plaintiff filed a second amended complaint and objections. (ECF Nos. 20, 21.) Upon review of the second amended complaint, the undersigned ordered service on defendant Anderson and recommended that the claims against all other defendants be dismissed without leave to amend. (ECF No. 22.) The District Judge adopted the findings and recommendations

1

and all other defendants were dismissed. (ECF No. 27.)

After being served with the complaint, defendant Anderson filed a motion to revoke plaintiff's IFP status on the grounds that at the time he filed the complaint, plaintiff had already accrued three strikes under 28 U.S.C. § 1915(g) and had failed to demonstrate that he was in imminent danger of serious physical injury. (ECF No. 28.) Defendant also requested that his obligation to respond to the complaint be stayed pending resolution of the motion to revoke. (ECF No. 28-1 at 2.) Defendant's deadline for responding to the complaint was vacated and plaintiff was ordered to respond to the motion to revoke. (ECF No. 33.) The motion is now fully briefed and ready for disposition.

II. The Prison Litigation Reform Act's Three Strikes Rule

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal IFP if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King (King), 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of

2

the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Once a plaintiff has accrued three strikes, he is precluded from proceeding IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

III. Plaintiff's Opposition

In opposition to defendant's motion, plaintiff argues that the court cannot revoke his IFP status for a number of reasons that essentially come down to the fact that his motion was already granted. (ECF No. 34.) However, "IFP status may be acquired or lost during the course of the litigation," Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (citations omitted), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995), and none of the arguments put forth by plaintiff address defendant's claims that he has accrued more than three strikes and has failed to allege imminent danger.

In his opposition to the motion, plaintiff appears to argue that his IFP status cannot be revoked because the court already granted the motion and determined that his complaint has merit. (ECF No. 34 at 2-3.) He also argues that his IFP status cannot be revoked because the complaint has been served on defendant Anderson and defendant failed to timely object to the court granting plaintiff IFP status, thereby waiving any objection. (Id. at 3-4, 6-7.) Finally, he

argues that revisiting his fee status violates double jeopardy. (Id. at 7-8.)

As set forth below, the court has determined that plaintiff has accrued in excess of three strikes. At the time plaintiff was granted IFP status, the court was unaware of plaintiff's strikes and plaintiff, who it appears has been notified of his three-strikes status on more than one occasion, left the "Previous Lawsuits" section of his original complaint blank (ECF No. 1 at 2) and otherwise failed to advise the court of his previous strikes. Defendant's motion to revoke is essentially a motion for reconsideration, which is properly brought when there are "new or different facts or circumstances" that were not shown upon the original motion. L.R. 230(j). In this instance, the court was not aware of plaintiff's previous litigation history when it ruled on his motion for IFP status because plaintiff failed to provide that information, and reconsideration based upon this new information is proper. As for plaintiff's argument that his IFP status cannot be revoked because the court has already determined that his case has merit, the court's determination that plaintiff has alleged facts sufficient to state a claim for relief has no bearing on whether plaintiff has alleged facts sufficient to show imminent danger of serious physical injury.

With respect to plaintiff's assertion that defendant Anderson waived his right to challenge plaintiff's IFP status because he waited too long and has now been served, it is unclear how Anderson could have challenged the grant prior to the filing of his motion. Defendant had not been served with the complaint at the time the court granted plaintiff's IFP status, and defendant's first action after being served was to file the instant motion. There was no improper delay on defendant's part.

Plaintiff's final claim, that reconsideration of the order granting him IFP status violates double jeopardy, is also without merit. "The [Double Jeopardy] Clause protects only against the imposition of multiple *criminal* punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997) (emphasis in original) (citations omitted).

IV.     Plaintiff's Strikes

Defendant asserts that plaintiff accrued nine strikes prior to filing the complaint in this case (ECF No. 28-1 at 3) and requests that the court take judicial notice of those cases (ECF No. 29). The request for judicial notice will be granted and the court will consider each of the cases

4

identified by defendant.[1]  After conducting an independent review of the cases, the undersigned finds that the following four cases constitute strikes:

   1.  Ramey v. Sylvester, No. 1:97-cv-6215 OWW DLB (E.D. Cal.): On January 15, 1999, findings and recommendations were filed which recommended granting defendants' motion for judgment on the pleadings based on the finding that plaintiff's complaint failed to allege essential elements of his claims for retaliation and denial of access to the courts.[2]  (ECF No. 29 at 15-17.)  In other words, dismissal was recommended because the complaint failed to state a claim upon which relief could be granted.  By order filed March 29, 1999, the district judge assigned to the case adopted the findings and recommendations in full.  (Id. at 20.)

   2.  Ramey v. Sylvester, No. 99-15688 (9th Cir.), and Ramey v. Mayes, No. 99-17178 (9th Cir.): In both of these cases the district court revoked plaintiff's IFP status on the ground that the appeal was not taken in good faith and the Ninth Circuit affirmed that the appeals were not taken in good faith and required plaintiff to pay the filing fee.  (ECF No. 29 at 45, 52.)  Plaintiff failed to pay the filing fee in both cases and Ramey v. Sylvester was dismissed on September 17, 1999 (id. at 46), and Ramey v. Mayes was dismissed on April 6, 2000 (id. at 55).  When the Ninth Circuit relies on the district court's certification that an appeal was not taken in good faith, the dismissed appeal "clearly count[s] as a strike" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity."  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)).  Accordingly, both of these appeals count as strikes.

   3.  Ramey v. Lewis, No. 15-15528 (9th Cir.): On June 9, 2015, the Ninth Circuit explicitly denied plaintiff IFP status because it found his appeal was frivolous.  (ECF No. 29 at

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The findings and recommendations noted that two defendants had already been dismissed on screening because plaintiff had failed to state a claim against them.  (ECF No. 29 at 14.)

113-14.) The case was ultimately dismissed when plaintiff failed to pay the filing fee. (Id. at 115.) This appeal counts as a strike. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015) (appeal counted as a strike where IFP status was denied because the appeal was frivolous even though the appeal was not dismissed until appellant failed to pay the filing fee).

The court finds that the remaining cases identified by defendant do not qualify as strikes for the following reasons:

1. Ramey v. County of Fresno, No. 1:98-cv-5450 AWI DLB (E.D. Cal.): Due to the age of this case, the court is not able to readily access the order of dismissal and defendant has not provided a copy of the order for the court's review. Instead, defendant argues that because orders in other cases that have come before this court indicate that the case was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and found it to be a strike, it should be considered a strike here. (ECF No. 28-1 at 4.) This is insufficient evidence to find this case counts as a strike since "prior dismissals . . . qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determine[s] that they had been dismissed because they were frivolous, malicious or failed to state a claim." King, 398 F.3d at 1121. Moreover, both the orders which previously found Ramey v. County of Fresno to constitute a strike and the case on which defendant relies for the proposition that a dismissal under Heck during screening counts as a strike, Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015), predate Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048 (9th Cir. 2016). Washington held that "a dismissal may constitute a PLRA strike for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." 833 F.3d at 1055. The Ninth Circuit further held that cases wherein the plaintiff seeks injunctive relief that sounds in habeas do not constitute complete dismissals under Heck and therefore do not count as strikes. Id. at 1056-57. Therefore, without the order in Ramey v. County of Fresno available for the court to review, it is unable to find that the case counts as a strike.

2. Ramey v. Loo, No. 1:98-cv-6327 OWW SMS (E.D. Cal.): Findings and recommendations were filed that recommended that plaintiff's deliberate indifference claims be

dismissed for failure to state a claim. (ECF No. 29 at 32.) The court further recommended that plaintiff's collateral claims be dismissed for lack of jurisdiction. (Id.) The findings and recommendations were adopted in full by the district judge. (Id. at 35-36.) When a plaintiff presents multiple claims within a single action, a strike is assessed "only when the 'case as a whole' is dismissed for a qualifying reason under the Act." Washington, 833 F.3d at 1057 (quoting Cervantes, 493 F.3d at 1054). In other words, "mixed dismissals do not constitute strikes unless the entire action is dismissed for a qualifying reason under the PLRA." Id. at 1058. Dismissal based on lack of jurisdiction is not the equivalent of dismissal for being frivolous or malicious or for failing to state a claim. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893-94 (9th Cir. 2011) (adopting District of Columbia Circuit's holding "that a dismissal for lack of subject-matter jurisdiction does not qualify as a 'strike' for purposes of § 1915(g) (citing Thompson v. Drug Enforcement Admin., 492 F.3d 428, 437 (D.C. Cir. 2007))); Bontemps v. Sotak, 699 F. App'x 653, 654 (9th Cir. 2017) (dismissal for mootness, which deprived the court of jurisdiction, was not a dismissal for failure to state a claim under § 1915(g) (citing Moore, 657 F.3d at 893-94)); Quillar v. Exarhos, 585 F. App'x 575, 576 (9th Cir. 2014) ("[T]he dismissal of only [plaintiff's] federal claims in this action, and the remand of his state law claims, does not satisfy the requirement under § 1915(g) that the entire action be dismissed for failure to state a claim or as frivolous."). Accordingly, the court is unable to find that this case constitutes a strike.

    3. Ramey v. Tremble, No. 1:01-cv-5185 REC LJO (E.D. Cal.): The magistrate judge in Ramey v. Tremble recommended granting defendants' motion to dismiss on the grounds that plaintiff had failed to exhaust his administrative remedies for his Eighth Amendment claims and that his Fourth Amendment claims were barred by qualified immunity.[3] (ECF No. 29 at 76-77.) The findings and recommendations were adopted in full by the district judge. (Id. at 79-80.) Dismissal for failure to exhaust does not constitute a strike under § 1915(g) unless the failure to exhaust was clear on the face of the complaint. Richey, 807 F.3d at 1207-08; El-Shaddai v. Zamora, 833 F.3d 1036, 1043-44 (9th Cir. 2016). The findings and recommendations make clear

---

[3] The magistrate judge also recommended denying several alternate grounds for dismissal. (ECF No. 29 at 76-77.)

7

that the magistrate judge considered documents outside the complaint when making the recommendation for dismissal based on exhaustion, meaning the failure to exhaust was not clear on the face of the complaint. (ECF No. 29 at 68.) Therefore this case does not count as a strike because the whole action was not dismissed for a qualifying reason. Washington, 833 F.3d at 1057.

    4. Ramey v. Mackin, No. 1:02-cv-6287 OWW SMS (E.D. Cal.): Both the docket in this case and the findings and recommendations reveal that the case was removed from state court. (ECF No. 29 at 87, 93.) Accordingly, this case cannot count as a strike under § 1915(g). Harris v. Mangum, 863 F.3d 1133, 1141 (9th Cir. 2017) ("[A] district court's dismissal of an action removed from state court by a party other than a prisoner cannot constitute a strike under § 1915(g) against that prisoner.").

    5. Ramey v. County of Fresno, No. 1:08-cv-832 OWW GSA (E.D. Cal.): The district judge dismissed plaintiff's case for failure to state a claim because he was attempting to challenge his conviction, which can only be done through a writ of habeas corpus. (ECF No. 29 at 104-05.) This dismissal appears to be the kind of mixed dismissal addressed in Washington, 833 F.3d at 1056-57, and the court is therefore unable to find that it constitutes a strike.

Based upon the court's review of plaintiff's previously dismissed cases as discussed above, five of the cases identified by defendant do not constitute strikes. However, plaintiff has still accrued at least four strikes under § 1915(g). This court therefore finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

V.    Imminent Danger

Defendant argues that plaintiff has failed to satisfy § 1915(g)'s imminent danger exception, which would allow him to proceed IFP despite his three strikes. (ECF No. 28-1 at 9-10.) He asserts that the allegations in the original complaint show that his alleged conduct ceased over a month before the filing of the complaint and that while the first and second amended complaints expanded the time frame for his conduct, they did not demonstrate a continuing danger that continued through the filing of either amended complaint. (Id.)

8

In his opposition, plaintiff fails to address defendant's arguments, though he states several times that defendant interfered with his sleep for a period of six to nine months. (ECF No. 34 at 2, 4, 5.) He also filed a request for judicial notice that consists of grievance paperwork related to the claims in his complaint. (ECF No. 35.) The court will deny the request for judicial notice because the documents are not properly the subject of judicial notice and the court will instead consider them as exhibits to the opposition. However, the documents submitted by plaintiff show only that he complained of Anderson banging on the cell doors during November and December 2015 and between July 4 and 7, 2016. (Id. at 21-23, 26, 28-29, 32, 57.)

Plaintiff filed his original complaint on September 2, 2016.[4] Much of the original complaint is spent detailing plaintiff's attempts to grieve defendant Anderson's alleged harassment rather than on defendant's actual conduct. However, he does make various allegations regarding the period of time he was subject to harassment. Specifically, he asserts that Anderson was banging on the cell doors during the middle of the night on November 25, 2015; for the sixty day period preceding December 17, 2015; during February 2016; between November 2015 and July 2016; and from July 4 to 18, 2016. (ECF No. 1 at 10-12, 14, 20) He further claims that after March 22, 2016, when he filed a complaint with the Office of the Ombudsman, Anderson began banging more loudly on the bars and with increased frequency. (Id. at 13.)

The first amended complaint, which was filed on January 8, 2017, alleges that defendant Anderson banged on the cell bars between March to December 2016 and from January 12, 2016 through December 2016. (ECF No. 16 at 1, 5, 9.)

Finally, in the second amended complaint, which was filed April 21, 2017, plaintiff alleges generally that Anderson banged on the cell bars for a six-month period and more specifically alleges that this conduct occurred from March to December 2016; January 12 to December 2016; and January to July 2016. (ECF No. 20 at 2, 5-6, 10-11.)

In Cervantes, the Ninth Circuit held that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)." 493

---

[4] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

F.3d at 1053. However, the Ninth Circuit did not elaborate on whether it is the time of filing the original or the operative complaint that matters, and there is some disagreement among the district courts as to how Cervantes should be interpreted.

Some district courts, including the district court on remand in Cervantes, have interpreted the opinion in Cervantes to mean that the relevant time for determining imminent danger is the time of filing the original complaint, even if the court is considering an amended complaint. E.g., Andrews v. Cervantes, No. 2:03-cv-1218 WBS EFB, 2008 WL 1970345, at *1 (E.D. Cal. May 5, 2008); Ellington v. Alameida, No. 2:04-cv-0666 RSL JLW, 2010 WL 2650632, at *5-6 (E.D. Cal. July 1, 2010). If the court were to evaluate whether plaintiff had alleged imminent danger under this interpretation of Cervantes, plaintiff would meet the imminent danger exception. While the original complaint, standing alone, fails to establish imminent danger because defendant Anderson's harassment ended approximately one and a half months prior to the filing of the original complaint and there were no factual allegations that would indicate there was an ongoing danger, both amended complaints expand the period of harassment until after the filing of the original complaint. Accordingly, under this reading of Cervantes, both amended complaints establish that plaintiff was under imminent danger at the time the original complaint was filed.

However, other district courts have opined that the relevant time for determining imminent danger is the time the operative complaint was filed, e.g., Winfield v. Schwarzenegger, No. 2:09-cv-0636 KJN, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010); Williams v. Buenostrome, No. 3:17-cv-2345 MMA JLB, 2018 WL 638248, at *3 (S.D. Cal. Jan. 31, 2018); Diaz v. Sherman, No. 1:13-cv-1627 DAD MJS, 2016 WL 8673044, at *2 (E.D. Cal. Aug. 5, 2016), and while the Ninth Circuit has not issued a definitive opinion on the matter, there have been two unpublished panel decisions which indicate that imminent danger should be evaluated as of the time of the filing of the operative complaint, see Jonassen v. United States, 671 F. App'x 668, 668 (9th Cir. 2016) (district court erred by revoking IFP status without first considering "proposed Third Amended Complaint ('TAC'), which made plausible allegations that [plaintiff] was 'under imminent danger of serious physical injury' at the time he lodged the TAC"); Saunders v. Cate, 508 F. App'x 647, 648 (9th Cir. 2013) (district court improperly denied

1 plaintiff's request to proceed IFP because "proposed amended complaint made plausible
2 allegations that he was 'under imminent danger of serious physical injury' at the time he lodged
3 the complaint."). This court will therefore assess whether plaintiff has demonstrated imminent
4 danger as of the time he filed the second amended complaint, which is the operative complaint.

Looking at the second amended complaint, plaintiff has failed to demonstrate that he was under imminent danger at the time he filed the second amended complaint. According to plaintiff's allegations, defendant Anderson had ceased banging on the cell bars no later than December 2016, which was over four and a half months prior to the filing of the second amended complaint. (ECF No. 20 at 2, 5-6, 10-11.) Plaintiff's opposition to the motion to revoke his IFP status also states that the harassment took place over a fixed period of time and makes no claim that the danger was ongoing up to or through the filing of the second amended complaint. (ECF No. 34.) The court is therefore unable to find that plaintiff has demonstrated that he was in imminent danger of serious physical injury at the time of filing the second amended complaint and will recommend that defendant's motion to revoke plaintiff's IFP status be granted.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have had at least three cases dismissed because they were found to be frivolous or malicious or they failed to state a claim. This means that you have three strikes under § 1915(g) and cannot proceed without paying the filing fee in full unless you show that you were in imminent danger at the time you filed the complaint. Your second amended complaint does not show that you were in imminent danger of serious physical injury when you filed it because it alleges that defendant Anderson stopped banging on the cell doors over four months before you filed the complaint and you did not provide any facts in your opposition to defendant's motion that would show that his conduct was ongoing at the time you filed the second amended complaint. The undersigned is therefore recommending that defendant Anderson's motion to revoke your IFP status is granted and that you be required to pay the $400.00 in required fees before you can go any further with your case.

IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 29) is granted.

2. Plaintiff's request for judicial notice (ECF No. 35) is denied.

IT IS FURTHER RECOMMENDED that defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 28) be granted and plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:rame2107.1915g.f&r