UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | No. 2:16-cv-2107 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. FRANCO, et al., | |
| Defendants. | |

Defendant Anderson has filed a motion for reconsideration of the Magistrate Judge's March 19, 2018 order denying his motion to revoke plaintiff's in forma pauperis status. (ECF No. 50.) For the reasons set forth below, the March 19, 2018 order will be affirmed.

I. Procedural History

On August 17, 2017, defendant Anderson filed a motion to revoke plaintiff's in forma pauperis status. (ECF No. 28.) The Magistrate Judge initially issued findings and recommendations that recommended granting the motion and requiring plaintiff to pay the entire filing fee before being permitted to proceed because he had not shown that he was in imminent danger of serious physical harm. (ECF No. 39.) Plaintiff filed objections to the findings and recommendations in which he claimed that though he had been living in a building where defendant did not work, defendant had recently been reassigned to his building, exposing him to a constant risk that defendant would reinitiate the kind of harassment that provides the basis for this

1

lawsuit. (ECF No. 42.) Defendant did not respond to the objections. Upon consideration of the objections, the Magistrate Judge withdrew the findings and recommendations and denied the motion to revoke plaintiff's in forma pauperis status on March 19, 2018. (ECF No. 43.) Two months later, defendant filed a motion for reconsideration of the order denying the motion to revoke plaintiff's in forma pauperis status. (ECF No. 50.)

II. Motion for Reconsideration

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). Magistrate Judge orders shall be upheld unless "clearly erroneous or contrary to law." L.R. 303(f); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Defendant requests that the court reconsider the March 19, 2018 order denying his motion to revoke plaintiff's in forma pauperis status because the new information provided in plaintiff's objections, which the Magistrate Judge relied upon in denying the motion, is not true. (ECF No. 50-1 at 4-5.) Specifically, he asserts that while he does work at the prison where plaintiff is housed, he has not been reassigned to the building where plaintiff is housed. (Id.) He claims that he did not address this fact in the initial motion or reply because it was not raised until plaintiff's objections, and that he did not respond to plaintiff's objections because "defense counsel and his supervisor expected that the Court would reject Plaintiff's newly-added facts, or would invite additional briefing on the issue." (Id. at 5.) Defendant further states that he did not object to the denial of his motion because the Magistrate Judge denied the motion by order instead of submitting findings and recommendations, and an initial miscommunication led counsel to believe that the newly alleged fact was true. (Id. at 3, 5.)

A. Grounds for Reconsideration

With respect to defendant's claim that he believed the court would reject the new facts or invite further briefing, it was well within the court's discretion to consider the new fact, Sossa v. Diaz, 729 F.3d 1225, 1230-31 (9th Cir. 2013), and defendant's assumption that the court would

either reject the new fact or request briefing, when defendant already had the option to respond to the objections, does not establish adequate grounds for reconsidering the March 19, 2018 order. As to defendant's claim that he did not object to the denial of his motion because it was denied by order, Federal Rule of Civil Procedure 72(a) provides parties with a fourteen-day window for objecting to orders issued by a magistrate judge on nondispositive matters. However, while defendant's mistaken assumptions as to what actions the court would take do not warrant reconsideration of the motion, his claim that he initially did not pursue the matter because of a miscommunication that led counsel to believe the new fact was true does. Counsel's declaration demonstrates that after discovering the misunderstanding, he promptly submitted the pending motion for reconsideration. (ECF No. 50-3 at 2-3, ¶¶ 5-10.)

B. Discussion

In originally finding that plaintiff had failed to demonstrate he was under imminent danger at the time he filed the second amended complaint, the Magistrate Judge found that

> [a]ccording to plaintiff's allegations, defendant Anderson had ceased banging on the cell bars no later than December 2016, which was over four and a half months prior to the filing of the second amended complaint. (ECF No. 20 at 2, 5-6, 10-11.) Plaintiff's opposition to the motion to revoke his IFP status also states that the harassment took place over a fixed period of time and makes no claim that the danger was ongoing up to or through the filing of the second amended complaint. (ECF No. 34.) The court is therefore unable to find that plaintiff has demonstrated that he was in imminent danger of serious physical injury at the time of filing the second amended complaint and will recommend that defendant's motion to revoke plaintiff's IFP status be granted.

(ECF No. 39 at 11.)

After considering plaintiff's objections to the findings and recommendations, the Magistrate Judge withdrew the findings and recommendations and found that plaintiff had adequately demonstrated that he fell within the exception outlined in § 1915 and could proceed in forma pauperis. (ECF No. 43.) In coming to that conclusion, the Magistrate Judge reasoned that

> [i]n his objections, plaintiff alleges that although he had been moved to a building within the prison where defendant did not work, he remained in the same prison, and defendant has once again been assigned to work in the building where plaintiff is housed. ([ECF No. 42] at 2-3.) He further alleges that because of defendant's

3

> demonstrated disregard for previous instructions to stop harassing plaintiff, there is a constant risk that defendant will reinitiate his harassment, leading to sleep deprivation and hospitalization, as it did in the past. (Id. at 2-3, 5.) Though not clear, it appears that plaintiff may be alleging that defendant has already resumed his retaliatory harassment of plaintiff. (Id. at 2.) These facts are sufficient to demonstrate that plaintiff was subject to an ongoing danger of serious physical injury at the time he filed the second amended complaint and therefore falls within the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) (allegations of an ongoing danger meet the imminent danger requirement); Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015) ("[I]t is sufficient for the prisoner to allege that he faces an "ongoing danger," even if he is not "directly exposed to the danger at the precise time he filed the complaint." (quoting Andrews, 493 F.3d at 1056)).

(ECF No. 43 at 1-2.)

Defendant provides evidence that he has not been reassigned to Building One where plaintiff is housed, though he has worked overtime shifts in Building One on thirteen separate occasions since plaintiff was moved there, one of which occurred during the nighttime hours. (ECF No. 60-1 at 3, ¶¶ 8-9.) The evidence further states that defendant "can retain his current assignment in Building Two until at least January 2019." (Id., ¶ 10.) However, even assuming that defendant has not been reassigned to Building One as plaintiff claimed in his objections, the Magistrate Judge's decision to withdraw the February 8, 2018 findings and recommendations and deny the motion to revoke plaintiff's in forma pauperis status was not clearly erroneous or contrary to law and will be affirmed.

The Ninth Circuit has cautioned "that § 1915(g) concerns only a threshold procedural question—whether the filing fee must be paid upfront or later . . . [and] we should not make an overly detailed inquiry into whether the allegations qualify for the exception." Andrews, 493 F.3d at 1055 (citations omitted). Regardless of whether defendant's assignment to Building One was temporary or permanent, plaintiff's objections served to make clear that so long as he was housed at the same prison where defendant worked, defendant would continue to have access to him, meaning that at the time the complaint was filed plaintiff was at risk of continued retaliatory harassment and sleep deprivation. That defendant ultimately only worked thirteen shifts in Building One after plaintiff's transfer, and only one of those shifts was overnight, is immaterial.

4

Defendant provides no evidence that he was incapable of being assigned further overnight shifts in Building One, and while the evidence states that he *could* maintain his current assignment in Building Two, there is nothing to demonstrate that he was *required* to maintain that assignment. Though it appears that the risk of serious physical injury did not ultimately materialize into actual injury, that does not mean that the risk did not exist at the time plaintiff filed his complaint, particularly in light of the allegations that defendant regularly disregarded instructions to leave plaintiff alone.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for reconsideration (ECF No. 50) is granted. Upon reconsideration, the Magistrate Judge's order withdrawing the February 8, 2018 findings and recommendations and denying defendant's motion to revoke plaintiff's in forma pauperis status is affirmed.

DATED: January 15, 2019

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE